IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, *as trustee of* STANWICH MORTGAGE LOAN TRUST I, | § § § § § § § § § § § § § | No. 3:25-cv-00593-S-BT |
| Plaintiff, | | |
| v. | | |
| MARCELA LEON et al., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust I (Wilmington), filed this civil action against Marcela Leon and the Secretary of Housing and Urban Development (HUD) seeking to foreclose its security interest in certain real property in Dallas County, Texas. *See generally* Compl. (ECF No. 1). For the following reasons, the District Judge should sua sponte DISMISS this action for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or (2) complete

1

diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction sua sponte." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

In its Original Complaint, Wilmington alleges "[t]he Court has jurisdiction pursuant to 28 U.S.C. Section 2410 because HUD is named pursuant to a junior lien on the Property," and "because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00." Compl. at 2, ¶¶ 6, 7. Wilmington further alleges that it is a citizen of Delaware; Leon is a citizen of Texas; HUD is a citizen of Washington, D.C.; and "[t]he current payoff of the underlying note and the value of the Property are both in excess of $75,000.00." *Id.* at 2-3, ¶¶ 8–11. But these allegations fail to establish federal subject matter jurisdiction. *Lakeview Loan Servicing LLC v. Lee*, No. 3:25-CV-00525-S-BT, 2025 WL 3221472, at *4 (N.D. Tex. Oct. 22, 2025), *rec. adopted*, 2025 WL 3218913 (N.D. Tex. Nov. 17, 2025) (Scholer, J.) (finding that substantially similar allegations failed to establish jurisdiction).

Wilmington's Original Complaint does not establish that its claims against Defendants are based on any federal question. Title 28 U.S.C. § 2410 provides that

2

"the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(2). But the Fifth Circuit has unequivocally stated that "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002). Rather, "once [§ 2410] is deemed applicable in a state court action, . . . it makes available to the government § 1444, which [the Fifth Circuit has] held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations." *Id*. put another way, "[a]s a tradeoff for the waiver of sovereign immunity, section 1444 permits the government to remove to federal district court any such case initiated in state court." *Id*. at 629 (describing a "conditional relationship between §§ 2410(a) and 1444"); *see also United States v. Brosnan*, 363 U.S. 237, 244–46 (1960) (stating that § 2410's "only apparent purpose is to lift the bar of sovereign immunity").

Furthermore, the Supreme Court's subsequent opinion in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) does not alter the Fifth Circuit's holding. *See Amerihome Mortg. Co., LLC v. Lozano*, No. 5:25-CV-122-H-BV, 2025 WL 3532429, at *3 (N.D. Tex. Nov. 17, 2025), *rec. adopted*, 2025 WL 3530952 (N.D. Tex. Dec. 9, 2025); *see also Lee*, 2025 WL 3221472, at *4–6. *But* s*ee Nationstar Mortg. LLC v. Salas Cervantes*, No. 4:25-CV-00096-ALM-BD,

3

2025 WL 3248716, at *2 (E.D. Tex. Nov. 20, 2025), *rec. adopted sub nom. Nationstar Mortg. LLC v. Cervantes*, 2025 WL 3543630 (E.D. Tex. Dec. 10, 2025) (Mazzant, J.). In *Grable*, a footnote stated that "[f]ederal law does provide a quiet title cause of action against the Federal Government." 545 U.S. at 317 n.4 (citing 28 U.S.C. § 2410). But the Supreme Court also explained that § 2410 was "not relevant" in the case "because the Federal Government no longer ha[d] any interest in the property[,]" making the footnote dicta, not a holding. *Id.* at 311, 317 n.4. Thus, "the Supreme Court did not address whether Section 2410 creates a federal cause of action for cases filed in federal court," such as the one here. *Planet Home Lending, LLC v. Rivera*, No. 3:25-CV-2550-E-BN, 2025 WL 2712503, at *2 (N.D. Tex. Sept. 22, 2025). Under the rule of orderliness, to overrule clear Fifth Circuit precedent, the Supreme Court holding "must be more than merely illuminating with respect to the case before the Court and must unequivocally overrule prior precedent." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). "Because *Grable* does not fit the bill, it does not overrule *Hussain*." *Lozano*, 2025 WL 3532429, at *3.

This conclusion that 28 U.S.C. § 2410 does not confer an independent basis for federal subject matter jurisdiction aligns with recent determinations by other judges in this district. S*ee Lozano*, 2025 WL 3532429, at *3, *rec. adopted*, 2025 WL 3530952 (N.D. Tex. Dec. 9, 2025) (Hendricks, J.); *Planet Home Lending, LLC v. Rivera*, No. 3:25-CV-2550-E-BN, 2025 WL 3635837, at *3 (N.D. Tex. Oct. 29, 2025), *rec. adopted*, 2025 WL 3634192 (N.D. Tex. Dec. 12, 2025) (Brown, J.);

4

*Newrez, LLC v. Stewart*, No. 2:25-CV-113-Z-BR, 2025 WL 3144916, at *2 (N.D. Tex. Oct. 23, 2025), *rec. adopted*, 2025 WL 3143300 (N.D. Tex. Nov. 10, 2025) (Kacsmaryk, J.); *Lakeview Loan Servicing, LLC v. Bolton*, No. 3:25-CV-1786-G-BN, 2025 WL 3144977, at *4 (N.D. Tex. Sept. 18, 2025), *rec. adopted*, 2025 WL 3143265 (N.D. Tex. Nov. 10, 2025) (Fish, J.); *AmeriHome Mort. Co. LLC v. Valdez*, 3:25-CV-526-X-BW, 2025 WL 2831966, at *2 (N.D. Tex. Sept. 17, 2025), *rec. adopted*, 2025 WL 2831180 (Starr, J.).

Nor can Wilmington rely on diversity jurisdiction. Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332); *see also Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742 (5th Cir. 2020). That the United States (through the Secretary of Housing and Urban Development) is not a citizen of Delaware, or of Texas, is insufficient. The United States is not a citizen of any state and is therefore "not a state citizen for purposes of diversity." *Lummis v. White*, 629 F.2d 397 (5th Cir. 1980), *rev'd on other grounds sub nom., Cory v. White*, 457 U.S. 85 (1982); *see also Com. Union Ins. Co. v. United States*, 999 F.2d 581 (D.C. Cir. 1993) ("It is well established . . . that the United States is not a citizen for diversity purposes"). Because the United States is not a citizen for

5

diversity purposes, "U.S. agencies cannot be sued in diversity." *Commercial Union Ins. Co.*, 999 F.2d at 584 (citation omitted); *accord Blackburn v. Lubbock FBI*, No. 5:23-CV-161-H-BQ, 2023 WL 6139457, at *3 (N.D. Tex. Aug. 23, 2023), *rec. adopted*, 2023 WL 6444257 (stating that parties cannot rely on diversity jurisdiction if they intend to sue a federal agency); *Hotep v. United States*, No. 3:07-CV-065-K, 2007 WL 1321845 (N.D. Tex. May 7, 2007) ("Nor is an agency of the United States a citizen of any particular state for purposes of diversity jurisdiction"). Thus, 28 U.S.C. § 1332 does not provide a basis for federal subject matter jurisdiction.

## Recommendation

Because Wilmington has failed to allege a basis for federal subject matter jurisdiction, the District Judge should sua sponte **DISMISS** this case without prejudice.

**SO RECOMMENDED.**

January 26, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).